IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ESTATE OF WILLIAM GARLAND, JR., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. 2:24-CV-628-KFP |
| | ) |
| GLOBE LIFE AND ACCIDENT | ) |
| INSURANCE COMPANY, | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Estate of William Garland, Jr.'s Motion to Remand. Doc. 6. Defendant Globe Life and Accident Insurance Company removed this case to federal court on the basis of diversity jurisdiction, asserting that the parties are completely diverse and it has demonstrated by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. Doc. 1. Plaintiff seeks to remand the case, arguing that Defendant has not met its "burden of proving by a preponderance of the evidence that the amount in controversy more likely than not exceeds" the jurisdictional threshold, and therefore the Court does not have subject matter jurisdiction. Doc. 6 at 5. Defendant opposes the Motion to Remand. Doc. 12. The parties consented to jurisdiction by a magistrate judge.

For the reasons below, the Court finds that the Motion to Remand is due to be granted.

## I.    LEGAL STANDARD

Federal courts have limited jurisdiction and possess only the power authorized by a statute or the Constitution. *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994). Courts should presume that a case lies outside this limited jurisdiction, and the burden of establishing the contrary is on the party asserting jurisdiction. *Id.* Although a defendant has the statutory right to remove in certain situations, the plaintiff is still the master of his claim. *Burns v. Windsor Ins.*, 31 F.3d 1092, 1095 (11th Cir. 1994). For that reason, a defendant's right to remove and a plaintiff's right to choose his forum are "not on equal footing." *Id.* Moreover, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." *City of Vestavia Hills v. Gen. Fid. Ins.*, 676 F.3d 1310, 1313 (11th Cir. 2012) (quoting *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999)). Accordingly, a defendant's removal burden is a heavy one. *Burns*, 31 F.3d at 1095.

Federal courts have diversity jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a).

## II.    BACKGROUND AND PROCEDURAL HISTORY[1]

William Garland, Jr. was injured because of the alleged negligent and illegal actions of a truck and trailer driver and ultimately succumbed to his injuries "on or about December

---

[1] The Court recites only the facts pertinent to resolving the Motion to Remand.

31, 2022." Doc. 1-1 at 10, ¶ 7. Mr. Garland had an insurance policy with Defendant for accidental death, and at the time of death the policy benefit was $46,875.00. Doc. 1-2 at 3. Plaintiff filed a claim under this policy, and Defendant allegedly failed or refused to properly investigate the claim and refused or denied coverage to fully compensate Plaintiff for damages. Doc. 1-1 at 10, ¶ 9.

Plaintiff brought a civil case against Defendant on August 8, 2024, in the Circuit Court of Lowndes County, Alabama. In Count I, breach of contract, Plaintiff alleged specifically that the "contractual duties owed to [] Plaintiff . . . are so related with matters of mental concern of apprehensiveness or with the feelings of [] Plaintiff, that . . . Plaintiff suffer[ed] damages" and requested both compensatory and punitive damages. Doc. 1-1 at 11, ¶¶ 16, 17. In Count II, bad faith, Plaintiff alleged that Defendant "failed to act in good faith by refusing or neglecting to make a good faith effort to timely investigate" and did not pay the claim "with conscious disregard for the facts that support the Plaintiff's claims." *Id.* at 12, ¶¶ 20, 21. Plaintiff alleged there was no legitimate arguable or debatable reason for nonpayment and demanded both compensatory and punitive damages for Defendant's refusal to pay. *Id.* at 12, ¶¶ 22–24.

On October 8, 2024, Defendant removed the case to federal court under federal diversity jurisdiction. Doc. 1. On December 4, 2024, Plaintiff filed a Motion to Remand, arguing the Court lacks subject matter jurisdiction because Defendant has not met its burden of proof to establish diversity jurisdiction. Doc. 6.

### III.    DISCUSSION

Defendant removed the case pursuant to federal diversity jurisdiction. There is no dispute that the action is between completely diverse parties: Plaintiff is a citizen of Alabama and Defendant is a citizen of Nebraska and Texas. Doc. 1 at 2, ¶¶ 4, 5. The dispute centers on the amount in controversy because no specific amount was alleged in the Complaint. Defendant argues that the amount in controversy is met because Mr. Garland's policy benefit was $46,875, and it has shown in its Notice of Removal that the emotional distress and punitive damages will push the amount in controversy over the $75,000 jurisdictional threshold. Doc. 1. Plaintiff argues for remand because Defendant "falls woefully short of proving any specific amount as there are no details regarding the severity of [] Plaintiff's damages[,]" and Defendant's Notice of Removal "merely asserts conclusory allegations" that are "woefully speculative." Doc. 6 at 5.

When a plaintiff has not pleaded a specific amount in damages, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010) (citations omitted) (quoting *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001)). In some cases, "it may be 'facially apparent' from the [complaint] itself that the amount in controversy exceeds the jurisdictional minimum[.]" *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010); *see also Pretka*, 608 F.3d at 754. "If a defendant alleges that removability is apparent from the face of the complaint, the district court must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden." *Roe*, 613 F.3d at 1061. "[C]ourts may use their judicial experience

4

and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Id.* at 1061–62. A court should "examine the allegations in light of the particular causes of action chosen by the plaintiff." *Id.* at 1065. "[T]he ultimate question the court addresses is whether a defendant has established by a preponderance of the evidence that should the plaintiff prevail on a particular claim, the plaintiff, more likely than not, will recover in excess of the federal jurisdictional prerequisite." *Lowe's OK'd Used Cars, Inc. v. Acceptance Ins.*, 995 F. Supp. 1388, 1393 (M.D. Ala. 1998) (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996)).

Defendant's assertion that the policy benefit amount at Mr. Garland's death was $46,875 appears uncontested by Plaintiff and is supported by a sworn Declaration. Doc. 1-2 at 2–3; *see also* Doc. 6. Accordingly, the Court assumes the policy benefit amount is "in controversy" for purposes of establishing diversity jurisdiction, leaving Defendant $28,126[2] shy of the jurisdictional threshold. Defendant asserts they have provided a preponderance of evidence that the "possibility" of an award of emotional distress and punitive damages of "$28,126.00, far less that (sic) the due process limits and a ratio of less than 1:1, meets the jurisdictional requirements." Doc. 12 at 6.

Punitive damages are available for claims of bad faith under Alabama law. *See Acceptance Ins. v. Brown*, 832 So. 2d 1, 19 (Ala. 2001). Also under Alabama law, "[p]unitive damages are not awarded because the injured party is entitled to them as a

---

[2] Technically, Defendant is $28,125.01 shy of the jurisdictional threshold, as they need to establish at least $75,000.01 is in controversy. *See Freeland v. Liberty Mut. Fire Ins.*, 632 F.3d 250, 255 (6th Cir. 2011) (holding that the amount in controversy was "$75,000—exactly one penny short of the jurisdictional minimum of the federal courts"). But because this case concerns whether the requested damages are too speculative to demonstrate amount in controversy, the Court will not quibble about pennies.

matter of right; they are awarded as a punishment to the wrongdoer and to deter him and others in the same or similar situation from such wrongdoing in the future." *City Bank of Ala. v. Eskridge*, 521 So. 2d 931, 933 (Ala. 1988). "When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered, . . . unless it is apparent to a legal certainty that such cannot be recovered." *Holley Equip. Co. v. Credit All. Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) (citation omitted). When considering punitive damages, a court must decide whether it is more likely than not that the damages satisfy the jurisdictional requirement, not whether they could conceivably do so. *Arrington v. State Farm Ins.*, 2014 WL 2961104, at *7 (M.D. Ala. July 1, 2014). "[T]he most important indicium of the reasonableness of a punitive damages award is the degree of reprehensibility of the defendant's conduct." *State Farm Mut. Auto. Ins. v. Campbell*, 538 U.S. 408, 419 (2003) (quoting *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 575 (1996)).

Here, it is not apparent to a legal certainty that emotional distress or punitive damages cannot be recovered, so they must be considered. However, the Court finds that the Notice of Removal offers it "no way to make a non-speculative estimate as to their value[,]" *see Mustafa v. Mkt. St. Mortg. Corp.*, 840 F. Supp. 2d 1287, 1291 (M.D. Ala. 2012), and speculation does not establish jurisdiction, *Murphy v. State Farm Fire and Cas. Co.*, 2025 WL 20416, at *2 (M.D. Ala. Jan. 2, 2025).

Under the facts alleged—which are bare bones and conclusory—the degree of reprehensibility of Defendant's conduct is unclear, but at this stage does not appear egregious. Plaintiff contends that Defendant acted in bad faith by "refusing or neglecting to make a good faith effort to timely investigate the facts and circumstances of [] Plaintiff's

claims[,]" and that Defendant "then refused to pay the full benefits that [] Plaintiff was due with conscious disregard for the facts that support [] Plaintiff's claims." Doc. 1-1 at 12. These factual allegations do not indicate "the *degree* of reprehensibility of that conduct." *See Arrington*, 2014 WL 2961104, at *7. Without detailed allegations showing reprehensible conduct, the amount of punitive damages remains purely speculative. For example, this Court in *Averett v. CMH Homes, Inc.* found the defendant had "demonstrated that the additional damages sought by [the plaintiff] on the face of the complaint" brought the amount in controversy over $75,000 because the "complaint detail[ed] extensive injuries caused and exacerbated by [the defendant's] alleged wrongdoing." 2023 WL 4566242, at *3 (M.D. Ala. July 17, 2023). The detailed "extensive health injuries caused and exacerbated by [the defendant's] alleged wrongdoing[,]" coupled with the alleged intentional failure to deliver a home that met the requested handicap modifications, "plausibly raise[d] the possibility of economic damages, personal injury damages, emotional distress damages, and punitive damages over the jurisdictional minimum." *Id.* at *4; *see also Murphy*, 2025 WL 20416, at *3 (finding that where "the only firm figure is the $26,093.70 repair estimate, with . . . the possibility of punitive damages[,]" and plaintiff's counsel's representation that the total (including punitive damages) was less than $75,000, "[the defendant's] attempt to use the alleged bad faith claim and availability of punitive damages does not tip the scales in favor of jurisdiction, and where doubt remains, remand is due." (citing *Univ. of S. Ala.*, 168 F.3d at 411)). The conclusory facts alleged here do not rise to the level of those detailed in *Averett* and do not demonstrate that Defendant's conduct was so reprehensible as to merit over $20,000 in punitive damages

(or mental anguish damages). *See Thornton by & through Hawthorne v. United Am. Ins.*, 2019 WL 2321188, at *3 (M.D. Ala. May 29, 2019) ("[C]onclusory allegations do not provide a meaningful way to measure the Plaintiff's unspecified request for damages.").

While Defendant argues that "Alabama case law is filled with jury verdicts in the millions of dollars for an insurer's acts of bad faith[,]" and that punitive damages "can equal, and at times exceed, three times the amount of compensatory damages" in Alabama (Doc. 1 at 3), Defendant's citation to a single case does not demonstrate that *this case* would merit such a punitive damages award. Defendant only cited to *Acceptance Ins. v. Brown*, 832 So. 2d 1, 22–23 (Ala. 2001). In *Acceptance*, the lower court reduced the jury's compensatory damages award on the bad faith claim from $200,000 to $75,000.00, *id.* at 11, and the Alabama Supreme Court held that the "trial court should have reduced the compensatory-damages award . . . from $200,000 to $30,000[,]" *id.* at 23. The Alabama Supreme Court then concluded that because the "total compensatory damages amount to no more than $60,000, . . . [the] punitive-damages award should amount to no more than $180,000." *Id.* at 24. While citation to this case does support Defendant's assertion that punitive damages may be affirmed when equal to three times the amount of compensatory damages, it does not show by a preponderance of the evidence why punitive damages in this case will equal or exceed three times the amount of compensatory damages—or even one times that amount. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1221 (11th Cir. 2007) ("[T]he facts regarding other cases tell us nothing about the value of the claims in this lawsuit."); *Mustafa*, 840 F. Supp. 2d at 1292 ("[T]he 'mere citation of what has happened in the past does nothing to overcome the indeterminate and speculative nature of' the

defendants' assertions." (quoting *Federated Mut. Ins. v. McKinnon Motors, LLC*, 329 F.3d 805, 809 (11th Cir.2003))); *Nimrod v. Am. Merchants Life Ins.*, 190 F. Supp. 2d 1282, 1283 (M.D. Ala. 2002) ("Some general assertion that fraud and bad-faith claims in other cases have resulted in awards greater than $75,000 does not help the court in determining whether or not the specific facts in the instant case would result in such an award."). "This [C]ourt's task is not to merely decide whether the punitive damages at issue in this case could *conceivably* satisfy the minimum jurisdictional requirement, but whether it is *more likely than not* that they do." *Arrington*, 2014 WL 2961104, at *7 (citing *Roe,* 613 F.3d at 1061). Accordingly, because Defendant has not set forth any facts or analysis for why *this case* would merit punitive (or other) damages that bring the amount in controversy over the jurisdictional threshold, Defendant has not "overcome the speculative nature of the value of [Plaintiff's] [emotional distress] and punitive damages claims[.]" *See Mustafa*, 840 F. Supp. 2d at 1292.

Further, to the extent Defendant advocates looking to ratios between compensatory damages and punitive damages to establish that the amount in controversy exceeds the jurisdictional threshold, the burden remains on Defendant to show by a preponderance of the evidence that a jury would more likely than not award such a ratio here. *See Davis v. Ray*, 2020 WL 1916170, at *4 (M.D. Ala. Apr. 20, 2020) ("[The defendant] bears the burden of answering the question of 'what th[e] punitive damages are likely to be.'" (alteration in original) (quoting *Howell v. Fields Realty, LLC,* 2008 WL 2705383, at *2 (M.D. Ala. July 10, 2008))). Again, Defendant has provided no facts or analysis showing why a jury would award any amount of punitive damages in this case; therefore, the Court

cannot extrapolate that a jury would award any ratio of punitive damages to compensatory damages.

Thus, the only firm figure here is the policy benefit. The "possibility of a punitive damage award alone of $28,126" may meet the jurisdictional requirement (Doc. 12 at 6), but the question is not whether such a sum is possible. The question is whether Defendant has demonstrated that a jury, on the facts alleged, is more likely than not going to award such a sum. The answer is no, Defendant has not made such a demonstration. It has presented no evidence or persuasive analysis to prove by a preponderance that the monetary value of the emotional distress and punitive damages claimed brings the amount in controversy over the jurisdictional minimum. *See Johnson v. Progressive Cas. Ins.*, 2021 WL 4889592, at *4 (M.D. Ala. Oct. 19, 2021) ("Defendant essentially asks the Court to presume[, based on plaintiff's claim of about $47,000 in repair costs,] the mere existence of a bad faith claim and request for mental anguish and punitive damages places more than $75,000 in controversy, but the Court cannot indulge in that type of guesswork." (citing *Pretka*, 608 F.3d at 752)); *Thompson v. Target Corp.*, 2018 WL 1750754, at *3 (M.D. Ala. Mar. 21, 2018) ("In this Circuit, a complaint's reference to punitive damages does not automatically satisfy the jurisdictional amount in controversy requirement so as to trigger this court's jurisdiction." (citing *Williams*, 269 F.3d at 1320)), *report and recommendation adopted*, 2018 WL 1748116 (M.D. Ala. Apr. 11, 2018). "The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars." *Lowery*, 483 F.3d at 1215. Accordingly, because removal principles mandate strictly construing the applicable

removal statute, resolving doubts in favor of remand, and placing the burden of establishing jurisdiction on defendant, the Court cannot conclude the value of Plaintiff's claims exceeds the jurisdictional threshold without engaging in impermissible divination.

## IV.    CONCLUSION

For the reasons stated above, the Court finds that Defendant has not established by a preponderance of the evidence that the amount in controversy exceeds $75,000; thus, the Court is without subject matter jurisdiction. Therefore, the undersigned ORDERS that the Plaintiff's Motion to Remand (Doc. 6) is GRANTED.

DONE this 11th day of February, 2025.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE